BENBROOK LAW GROUP, PC
BRADLEY A. BENBROOK (SBN 177786)
STEPHEN M. DUVERNAY (SBN 250957)
400 Capitol Mall, Suite 1610
Sacramento, CA 95814
Telephone: (916) 447-4900
Facsimile: (916) 447-4904
brad@benbrooklawgroup.com
steve@benbrooklawgroup.com

EUGENE VOLOKH (SBN 194464)*
UCLA School of Law
405 Hilgard Ave.
Los Angeles, CA 90095
Telephone: (310) 206-3926
Facsimile: (310) 206-7010
volokh@law.ucla.edu
**Application for admission to be submitted*

Attorneys for Plaintiffs

# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TRACY RIFLE AND PISTOL LLC; MICHAEL BARYLA; TEN PERCENT FIREARMS; WESLEY MORRIS; SACRAMENTO BLACK RIFLE, INC.; ROBERT ADAMS; PRK ARMS, INC.; JEFFREY MULLEN; IMBERT & SMITHERS, INC.; and ALEX ROLSKY,<br><br>Plaintiffs,<br><br>v.<br><br>KAMALA D. HARRIS, in her official capacity as Attorney General of California; and STEPHEN J. LINDLEY, in his official capacity as Chief of the California Department of Justice Bureau of Firearms,<br><br>Defendants. | Case No.: 2:14-cv-02626-TLN-DAD<br><br>**FIRST AMENDED COMPLAINT FOR DECLARATORY, INJUNCTIVE, OR OTHER RELIEF** |

Plaintiffs Tracy Rifle and Pistol LLC, Michael Baryla, Ten Percent Firearms, Wesley Morris, Sacramento Black Rifle, Inc., Robert Adams, PRK Arms, Inc., Jeffrey Mullen, Imbert & Smithers, Inc., and Alex Rolsky complain of Defendants and allege:

## INTRODUCTION

1. Plaintiffs bring this suit to challenge the constitutionality of California Penal Code section 26820, which prohibits firearms dealers from displaying handgun advertisements that are visible from the outside of their place of business.

2. The sale of handguns is not only legal—it is constitutionally protected by the Second Amendment. The First Amendment protects truthful, nonmisleading commercial speech promoting lawful products or services, but especially when the products or services are themselves protected by other constitutional rights. Even if California believes that buying a handgun is a bad decision, "the 'fear that people would make bad decisions if given truthful information' cannot justify content-based burdens on speech." *Sorrell v. IMS Health Inc.*, 564 U.S. ___, 131 S. Ct. 2653, 2670-71 (2011) (citation omitted). "The choice 'between the dangers of suppressing information, and the dangers of its misuse if it is freely available' is one that 'the First Amendment makes for us.'" *Id.* at 2671 (quoting *Virginia Bd. of Pharmacy v. Virginia Citizens Consumer Council, Inc.*, 425 U.S. 748, 770 (1976)). And, "[i]f the First Amendment means anything, it means that regulating speech must be a last—not first—resort." *Thompson v. W. States Med. Ctr.*, 535 U.S. 357, 373 (2002).

3. Section 26820 imposes a content- and speaker-based burden on protected expression that is, in practice, viewpoint-discriminatory, and imposes an intolerable burden on the right of firearms dealers to advertise accurate information about the sale of handguns. So long as responsible, law-abiding adults may purchase handguns in California—a right secured by the Second Amendment—the First Amendment prevents the State from enforcing Section 26820's ban on on-site handgun advertising.

4. Because Section 26820 violates the First Amendment, Plaintiffs seek declaratory and injunctive relief to invalidate the statute and enjoin its enforcement by the California Department of Justice.

**JURISDICTION AND VENUE**

5. This case raises questions under the First Amendment and 42 U.S.C. § 1983 and this Court has jurisdiction over all claims for relief pursuant to 28 U.S.C. § 1331.

6. Venue is proper under 28 U.S.C. § 1391(b). Assignment to the Sacramento division is proper pursuant to Local Rule 120(d) because a substantial portion of the events giving rise to this action occurred in Sacramento and San Joaquin counties.

**THE PARTIES**

7. Plaintiff Tracy Rifle and Pistol LLC ("Tracy Rifle") is a California limited liability company that operates a firearms dealership and shooting range in Tracy, California. Tracy Rifle is listed as a licensed firearms dealership in the California Department of Justice's ("DOJ") Centralized List of Firearms Dealers, and is licensed by San Joaquin County to sell firearms at retail.

8. Plaintiff Michael Baryla is a California resident. He is the managing member of Tracy Rifle, proprietor of the business, and the individual licensee associated with the dealership.

9. Plaintiff Ten Percent Firearms is a California corporation that operates a firearms dealership in Taft, California. Ten Percent Firearms is listed as a firearms dealer in the DOJ's Centralized List of Firearms Dealers.

10. Plaintiff Wesley Morris is a California resident, an owner of Ten Percent Firearms, and an individual licensee associated with the dealership.

11. Plaintiff Sacramento Black Rifle, Inc. is a California corporation that operates a firearms dealership in Rocklin, California. Sacramento Black Rifle is listed as a licensed firearms dealership in the DOJ's Centralized List of Firearms Dealers.

12. Plaintiff Robert Adams is a California resident, the owner of Sacramento Black Rifle, and the individual licensee associated with the dealership.

13. Plaintiff PRK Arms, Inc. is a California corporation that operates firearms dealerships in Fresno, Visalia, and Turlock California. PRK Arms is listed as a licensed firearms dealership in the DOJ's Centralized List of Firearms Dealers.

///

14.   Plaintiff Jeffrey Mullen is a California resident, the owner of PRK Arms, and the individual licensee associated with the dealership.

15.   Plaintiff Imbert & Smithers, Inc. is a California corporation that operates a firearms dealership in San Carlos, California.  Imbert & Smithers is listed as a firearms dealer in the DOJ's Centralized List of Firearms Dealers.

16.   Plaintiff Alex Rolsky is a California resident, an owner of Imbert & Smithers, and the individual licensee associated with the dealership.

15.   Defendant Kamala Harris is the Attorney General of the State of California.  The Attorney General is the chief law enforcement officer of the state, and it is her duty to ensure that California's laws are uniformly and adequately enforced.  The Attorney General is the head of the DOJ.  The DOJ and its Bureau of Firearms regulate and enforce state law related to the sales, ownership, and transfer of firearms, including the licensing and regulation of firearms dealers.  Attorney General Harris is sued in her official capacity.  The Attorney General maintains an office in Sacramento.

16.   Defendant Stephen J. Lindley is the Chief of the DOJ Bureau of Firearms.  Upon information and belief, Lindley reports to Harris and is responsible for overseeing the licensing and regulation of firearms dealers.  He is sued in his official capacity.  The Bureau of Firearms maintains an office in Sacramento.

**GENERAL ALLEGATIONS**

17.   The ability to obtain a handgun is central to a citizen's ability to exercise the core guarantee secured by the Second Amendment: "the right of law-abiding, responsible citizens to use arms in defense of hearth and home." *District of Columbia v. Heller*, 554 U.S. 570, 635 (2008); *see id.* at 628 (handguns are the "class of 'arms'" "overwhelmingly chosen by American society for [the] lawful purpose [of self-defense]"); *id.* at 628-29 (handguns are "the most preferred firearm in the nation to 'keep' and use for protection of one's home and family.").

18.   The First Amendment protects the dissemination of truthful, nonmisleading commercial information about lawful products—including handguns, which may lawfully be purchased from retail firearms dealers in California.  *See Edenfield v. Fane*, 507 U.S. 761, 765

(1993). Plaintiff firearms dealers therefore have a constitutionally protected interest in conveying truthful commercial information about handguns to the public, and the public has a corresponding interest in receiving that information. *See Lorillard Tobacco Co. v. Reilly*, 533 U.S. 525, 564 (2001). And like all retailers, firearms dealers have a particular interest in on-site advertising that communicates to passersby the products and services they offer. *Id.* at 565.

19.  But California law prevents firearms dealers from advertising even the most basic commercial information—"Handguns for Sale"—at their place of business. Penal Code section 26820, which was enacted in 1923, prohibits firearms dealers from displaying a "handgun or imitation handgun, or [a] placard advertising the sale or other transfer thereof" "in any part of the premises where it can readily be seen from the outside."[1]

20.  Section 26820's ban violates the First Amendment in multiple respects. For one thing, it prohibits firearms dealers from disseminating truthful, nonmisleading commercial information about a lawful, constitutionally protected product.

21.  For another, the restriction is content-based. The law applies only to handguns, and does not apply to other firearms such as rifles or shotguns, and no separate California law imposes a similar restriction on advertising the sale of rifles or shotguns. Even if California believes that buying a handgun is a bad decision, "the 'fear that people would make bad decisions if given truthful information' cannot justify content-based burdens on speech." *Sorrell*, 131 S. Ct. at 2670-71 (citation omitted). The Supreme Court has "rejected the notion that the Government has an interest in preventing the dissemination of truthful commercial information in order to prevent members of the public from making bad decisions with the information." *Thompson*, 535 U.S. at 374.

22.  Furthermore, Section 26820 engages in speaker-based discrimination by singling out firearms dealers. *See Sorrell*, 131 S. Ct. at 2663, 2666. Thus, for example, a dealer is prevented from displaying advertisements that feature handguns in a campaign to promote

---

[1] In addition to Section 26820, many localities, which key their firearm licensing regulations to the State's, also impose similar on-site handgun advertising prohibitions. *See, e.g.*, San Joaquin Cnty. Code of Ordinances § 7-1251(d) ("No pistol or revolver, or imitation thereof, or placard advertising the sale or other transfer thereof, shall be readily seen from the outside.").

responsible self-defense and public safety.  But an anti-gun group would remain free under Section 26820 to use similar imagery to picket in front of that same dealer, encouraging people not to purchase handguns or warning of the dangers of gun violence (indeed, the First Amendment protects such speech as well).  So, too, the statute operates in a way that is viewpoint-discriminatory: it is designed to suppress the purchase and sale of handguns by eliminating truthful commercial speech notifying potential customers that handguns are available for sale.

*23.*   This sort of market manipulation, however, is unconstitutional.  A state "may not seek to remove a popular but disfavored product from the marketplace by prohibiting truthful, nonmisleading advertisements . . . ." *Sorrell*, 131 S. Ct. at 2670.

24.   Plaintiffs are retail firearms dealers who wish to display truthful, nonmisleading material advertising the sale of handguns at their places of business.  Section 26820 prevents them from doing so, and a dealer's license is subject to forfeiture for violating the handgun advertising restriction.  Cal. Penal Code §§ 26800, 26715(b); Cal. Admin. Code tit. 11, § 4024 (DOJ may remove dealer from the Centralized List for violating state firearms laws).  The DOJ's enforcement of the advertising ban has infringed Plaintiffs' First Amendment rights, and the threat of further enforcement chills the protected speech of firearms dealers throughout the State.

25.   On September 12, 2014, the DOJ Bureau of Firearms inspected Tracy Rifle.  At the time of the inspection, the building's exterior windows were covered with large vinyl decals depicting four firearms—three handguns and a rifle.[2]  As of the date of the inspection, each of these firearms could be lawfully purchased in California, and Tracy Rifle regularly carries each of the four guns depicted in the windows.

26.   The Bureau of Firearms issued a "Notification of Inspection Findings" citing Plaintiffs Tracy Rifle and Baryla for violating Section 26820 because of the handgun decals, and requiring Plaintiffs to take corrective action by February 11, 2015.  The DOJ may revoke Tracy Rifle's dealer's license for unremedied violations of the Penal Code.  Penal Code §§ 26800, 26715(b); Cal. Admin. Code tit. 11, § 4024.

---

[2] The handguns depicted are a Nighthawk Customs GRP Recon .45 ACP, a Smith and Wesson 642 .38 Special, and a Glock 42 .380 ACP.  The rifle is a Larue Tactical PredatOBR 5.56.

27. But for Section 26820, Plaintiffs Tracy Rifle and Baryla would continue to display the decals and would display additional truthful, nonmisleading material advertising the sale of handguns.

28. On or about February 23, 2010, the DOJ Bureau of Firearms inspected Ten Percent Firearms. Displayed in the dealership's parking lot was a metal sign shaped like a revolver. The DOJ inspector informed the dealership that the sign violated the handgun advertising restriction, and Ten Percent Firearms immediately removed the sign. The Bureau of Firearms issued a "Notification of Inspection Findings" citing Plaintiffs Ten Percent Firearms and Morris for violating the handgun advertising ban.[3]

29. But for Section 26820, Plaintiffs Ten Percent Firearms and Morris would display truthful, nonmisleading material advertising the sale of handguns.

30. On January 28, 2015, the DOJ Bureau of Firearms inspected Imbert & Smithers. At the time of the inspection, the building's exterior displayed a sign featuring the dealership's logo, which incorporates the outline of a single-action revolver. The Bureau of Firearms issued a "Notification of Inspection Findings" citing Imbert & Smithers and Rolsky for violating Section 26820, and requiring them to take corrective action by July 28, 2015. The DOJ may revoke Imbert & Smithers' dealer's license for unremedied violations of the Penal Code.

31. But for Section 26820, Plaintiffs Imbert & Smithers and Rolsky would continue to display the dealership's sign, and would display additional truthful, nonmisleading material advertising the sale of handguns.

32. Beyond direct enforcement of Section 26820, the threat of enforcement chills protected speech. Plaintiffs Sacramento Black Rifle and PRK Arms desire to display truthful, nonmisleading on-site handgun advertising that is visible from the outside of their dealerships, and would do so, but for Section 26820 and the threat of forfeiting their licenses to sell firearms.

33. An actual and judicially cognizable controversy exists between Plaintiffs and Defendants regarding whether Section 26820 violates the First Amendment. Plaintiffs desire a

---

[3] Ten Percent Firearms and Morris were cited for violating former Penal Code section 12071(b)(4), which has since been renumbered as Section 26820.

judicial declaration of their rights and Defendants' duties regarding the constitutionality and continued enforcement of the statute.

34. Defendants have enforced Section 26820 to the detriment of Plaintiffs. If Section 26820 is not enjoined, Defendants will continue to enforce this unconstitutional law against Plaintiffs, who will be forced to choose between sacrificing their First Amendment rights (removing the advertisements or not engaging in protected speech) and losing their property and livelihood (forfeiting their dealer's license for noncompliance).

## CLAIMS FOR RELIEF

### CLAIM ONE: VIOLATION OF 42 U.S.C. § 1983 (FIRST AMENDMENT)

35. Plaintiffs incorporate here by reference paragraphs 1 through 32, *supra*, as if fully set forth herein.

36. Defendants, acting under color of state law, are enforcing Section 26820, which deprives Plaintiffs of rights secured by the First Amendment to the United States Constitution in violation of 42 U.S.C. § 1983.

37. Section 26820 violates the First Amendment, both on its face and as applied to Plaintiffs.

38. By prohibiting firearms dealers from displaying on-site handgun advertisements, Section 26820 violates the right of firearms dealers to disseminate truthful, nonmisleading commercial information about a lawful, constitutionally protected product.

39. Furthermore, Section 26820 imposes a content- and speaker-based burden on protected inspection, and it operates in a manner that is viewpoint-discriminatory. The law is therefore "presumptively invalid." *Sorrell*, 131 S. Ct. at 2667 (quoting *R.A.V. v. St. Paul*, 505 U.S. 377, 382 (1992)); *see id.*, 131 S.Ct. at 2664.

## PRAYER FOR RELIEF

Wherefore, Plaintiffs pray for judgment as follows:

1. Plaintiffs respectfully request that this Court, pursuant to 28 U.S.C. § 2201, construe Penal Code section 26820 and enter a declaratory judgment stating that it violates the First Amendment.

2. Plaintiffs respectfully request that this Court enter a preliminary and permanent injunction enjoining enforcement or application of Penal Code section 26820.

3. Plaintiffs respectfully request costs of suit, including reasonable attorneys' fees under 42 U.S.C. § 1988 and any other applicable law, and all further relief to which Plaintiffs may be justly entitled.

Dated:  February 26, 2015                     BENBROOK LAW GROUP, PC


                                              By  /s/ *Bradley A. Benbrook*
                                                  BRADLEY A. BENBROOK
                                                  Attorneys for Plaintiffs