1   KAMALA D. HARRIS, State Bar No. 146672
    Attorney General of California
2   TAMAR PACHTER, State Bar No. 146083
    Supervising Deputy Attorney General
3   NELSON R. RICHARDS, State Bar No. 246996
    EMMANUELLE S. SOICHET, State Bar No. 290754
4   Deputy Attorneys General
     2550 Mariposa Mall, Room 5090
5    Fresno, CA  93721
     Telephone:  (559) 477-1688
6    Fax:  (559) 445-5106
     E-mail:  Nelson.Richards@doj.ca.gov
7   *Attorneys for Defendants*
    *Kamala D. Harris and*
8   *Stephen J. Lindley*

9                IN THE UNITED STATES DISTRICT COURT

10               FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **TRACY RIFLE AND PISTOL LLC; MICHAEL BARYLA; TEN PERCENT FIREARMS; WESLEY MORRIS; SACRAMENTO BLACK RIFLE, INC.; ROBERT ADAMS; PRK ARMS, INC.; JEFFREY MULLEN; IMBERT & SMITHERS, INC.; and ALEX ROLSKY,**<br><br>Plaintiffs,<br><br>v.<br><br>**KAMALA D. HARRIS, in her official capacity as Attorney General of California; AND STEPHEN J. LINDLEY, in his official capacity as Chief of the California Department of Justice Bureau of Firearms,**<br><br>Defendants. | 2:14-cv-02626-TLN-DAD<br><br>**DEFENDANTS' ANSWER TO PLAINTIFFS' FIRST AMENDED COMPLAINT**<br><br>Judge:   Hon. Troy L. Nunley<br>Action Filed:  Nov. 10, 2014 |

Defendants' Answer to FAC (2:14-cv-02626-TLN-DAD)

For their answer to Tracy Rifle and Pistol LLC, Michael Baryla, Ten Percent Firearms, Wesley Morris, Sacramento Black Rifle, Inc., Robert Adams, PRK Arms, Inc., and Jeffery Mullen, Imbert & Smithers, and Alex Rolsky's (Plaintiffs') First Amended Complaint for Declaratory and Injunctive, or Other Relief (ECF No. 22; the "FAC"), Defendants Kamala D. Harris, in her official capacity as Attorney General of California, and Stephan J. Lindley, in his official capacity as Chief of the California Department of Justice Bureau of Firearms (Defendants), answer, in paragraphs that correspond to the FAC's paragraphs, as follows:

1. The allegations contained in the Paragraph 1 are Plaintiffs' characterization of their case, to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

2. The allegations contained in Paragraph 2 constitute conclusions of law to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

3. The allegations contained in Paragraph 3 constitute conclusions of law to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

4. The allegations contained in Paragraph 4 constitute conclusions of law to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

5. The allegations contained in Paragraph 5 constitute conclusions of law to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

6. The allegations contained in Paragraph 6 constitute conclusions of law to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

7. Admit.

8. Admit the allegation contained in the second sentence of Paragraph 8 that Michael Baryla is "the individual licensee associated with the dealership." Defendants lack information or belief sufficient to answer the remaining allegations contained in Paragraph 8, and basing their denial on this ground, deny each and every one of those allegations.

9. Admit.

10. Admit the allegation contained in Paragraph 10 that Wesley Morris is "an individual licensee associated with the dealership." Defendants lack information or belief sufficient to

answer the remaining allegations contained Paragraph 10, and basing their denial on this ground, deny each and every one of those allegations.

11.   Admit.

12.   Admit the allegation contained in Paragraph 12 that Robert Adams is "the individual licensee associated with the dealership." Defendants lack information or belief sufficient to answer the remaining allegations contained in Paragraph 12, and basing their denial on this ground, deny each and every one of those allegations.

13.   Admit.

14.   Admit the allegation contained in Paragraph 14 that Jeffrey Mullen is "the individual licensee associated with the dealership." Defendants lack information or belief sufficient to answer the remaining allegations contained in Paragraph 14, and basing their denial on this ground, deny each and every one of those allegations.

15.   Admit the allegations contained in the first Paragraph numbered 15.[1]

16.   Admit the allegation contained in the first Paragraph numbered 16 that Alex Rolsky is "the individual licensee associated with the dealership." Defendants lack information or belief sufficient to answer the remaining allegations contained in the first Paragraph numbered 16, and basing their denial on this ground, deny each and every one of those allegations.

15.   Admit the allegations contained in the first, second, third, fourth, and sixth sentences of the second Paragraph numbered 15. The allegations contained in the fifth sentence of the second Paragraph numbered 15 are Plaintiffs' characterization of their case, to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

16.   Admit the allegations contained in the first, second, and fourth sentences of the second Paragraph numbered 16. The allegations contained in the third sentence of the second Paragraph numbered 16 are Plaintiffs' characterization of their case, to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

---

[1] The FAC contains two Paragraphs numbered 15 and two Paragraph numbered 16. This Answer follows the numbering of the FAC.

17. The allegations contained in Paragraph 17 constitute conclusions of law to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

18. The allegations contained in Paragraph 18 constitute conclusions of law to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

19. The allegations contained in Paragraph 19 constitute conclusions of law to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

20. The allegations contained in Paragraph 20 constitute conclusions of law to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

21. The allegations contained in Paragraph 21 constitute conclusions of law to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

22. The allegations contained in Paragraph 22 constitute conclusions of law to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

23. The allegations contained in Paragraph 23 constitute conclusions of law to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

24. Defendants lack information or belief sufficient to answer the allegations contained in the first sentence of Paragraph 24, and basing their denial on this ground, deny each and every allegation thereof. The allegations contained in the second and third sentences of Paragraph 24 constitute conclusions of law to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

25. Admit the first sentence of Paragraph 25. Admit that there were pistol advertisements on the windows of Tracy Rifle at the time of the inspection; Defendants lack information or belief sufficient to answer the remaining allegations contained in the second sentence of Paragraph 25, and basing their denial on this ground, deny each and every allegation thereof. The allegation contained in the third sentence of Paragraph 25 that "[a]s of the date of the inspection, each of these firearms could be lawfully purchased in California" constitutes a conclusion of law to which no answer is required; to the extent it may be deemed allegations of fact, it is denied. Defendants lack information or belief sufficient to answer the remaining allegations contained in the third

sentence of Paragraph 25, and basing their denial on this ground, deny each and every allegation thereof.

26. Admit the allegations contained in the first sentence of Paragraph 26 to the extent supported by the document cited, which is the best evidence of its contents; otherwise deny the allegations. The allegations contained in the second sentence of Paragraph 26 constitute conclusions of law to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

27. Defendants lack information or belief sufficient to answer the allegations of Paragraph 27, and basing their denial on this ground, deny each and every allegation thereof.

28. Admit the allegations contained in the first and third sentences of Paragraph 28. Deny the allegations contained in the second sentence of Paragraph 28. Admit the allegations contained in the fourth sentence of Paragraph 28 to the extent supported by the document cited, which is the best evidence of its contents; otherwise deny the allegations.

29. Defendants lack information or belief sufficient to answer the allegations of Paragraph 29, and basing their denial on this ground, deny each and every allegation thereof.

30. Admit the first sentence of Paragraph 30. Defendants lack information or belief sufficient to answer the allegations of the second sentence of Paragraph 30, and basing their denial on this ground, deny each and every allegation thereof. Admit the allegations contained in the third sentence of Paragraph 30 to the extent supported by the document cited, which is the best evidence of its contents; otherwise deny the allegations. The allegations contained in the fourth sentence of Paragraph 30 constitute conclusions of law to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

31. Defendants lack information or belief sufficient to answer the allegations of Paragraph 31, and basing their denial on this ground, deny each and every allegation thereof.

32. The allegations contained in Paragraph 32 constitute conclusions of law to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

33. The allegations contained in the first sentence of Paragraph 33 constitute conclusions of law to which no answer is required; to the extent they may be deemed allegations of fact, they

are denied. The allegations contained in the second sentence of Paragraph 31 are Plaintiffs' characterization of their case, to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

34. The allegations contained in Paragraph 34 constitute conclusions of law to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

35. Defendants incorporate their answers to Paragraphs 1 through 34 in answer to Paragraph 35.

36. The allegations contained in Paragraph 36 constitute conclusions of law to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

37. The allegations contained in Paragraph 37 constitute conclusions of law to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

38. The allegations contained in Paragraph 38 constitute conclusions of law to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

39. The allegations contained in Paragraph 39 constitute conclusions of law to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

Deny each and every allegation not previously admitted or otherwise qualified.

Deny that Plaintiffs are entitled to the relief set forth in the prayer for relief immediately following Paragraph 39, or to any relief whatsoever.

In addition, without admitting any allegations contained in the FAC, Defendants assert the following defenses based on information and belief:

**FIRST DEFENSE**

The FAC, and the claims for relief alleged therein, fails to state facts sufficient to constitute a cause of action.

**SECOND DEFENSE**

The FAC, and the claims for relief alleged therein, is barred because Defendants are immune from suit under the Eleventh Amendment.

WHEREFORE, Defendants pray that:

1. Plaintiffs take nothing by reason of their complaint;

   2.   Judgment be entered in favor of Defendants;

   3.   Defendants be awarded their costs incurred in defending this action; and

   4.   Defendants be awarded such further relief that the Court may deem just and proper.


Dated: March 10, 2015                        Respectfully Submitted,

                                             KAMALA D. HARRIS
                                             Attorney General of California
                                             TAMAR PACHTER
                                             Supervising Deputy Attorney General


                                             /s/ Nelson Richards
                                             NELSON R. RICHARDS
                                             EMMANUELLE S. SOICHET
                                             Deputy Attorneys General
                                             *Attorneys for Defendants*
                                             *Kamala D. Harris and*
                                             *Stephen J. Lindley*

SA2014119177
11768400.doc