| | |
|---|---|
| BENBROOK LAW GROUP, PC<br>BRADLEY A. BENBROOK (SBN 177786)<br>STEPHEN M. DUVERNAY (SBN 250957)<br>400 Capitol Mall, Suite 1610<br>Sacramento, CA  95814<br>Telephone: (916) 447-4900<br>Facsimile:  (916) 447-4904<br>brad@benbrooklawgroup.com<br>steve@benbrooklawgroup.com<br><br>EUGENE VOLOKH (SBN 194464)<br>UCLA School of Law<br>405 Hilgard Ave.<br>Los Angeles, CA  90095<br>Telephone: (310) 206-3926<br>Facsimile: (310) 206-7010<br>volokh@law.ucla.edu<br><br>Attorneys for Plaintiffs | KAMALA D. HARRIS (SBN 146672)<br>Attorney General of California<br>TAMAR PACHTER (SBN 146083)<br>Supervising Deputy Attorney General<br>NELSON R. RICHARDS (SBN 246996)<br>EMMANUELLE S. SOICHET (SBN 290754)<br>Deputy Attorneys General<br>2550 Mariposa Mall, Room 5090<br>Fresno, CA 93721<br>Telephone: (559) 477-1688<br>Fax: (559) 445-5106<br>E-mail: Nelson.Richards@doj.ca.gov<br><br>Attorneys for Defendants |

## UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TRACY RIFLE AND PISTOL LLC; MICHAEL BARYLA; TEN PERCENT FIREARMS; WESLEY MORRIS; SACRAMENTO BLACK RIFLE, INC.; ROBERT ADAMS; PRK ARMS, INC.; JEFFREY MULLEN; IMBERT & SMITHERS, INC.; and ALEX ROLSKY,<br><br>   Plaintiffs,<br><br>   v.<br><br>KAMALA D. HARRIS, in her official capacity as Attorney General of California; and STEPHEN J. LINDLEY, in his official capacity as Chief of the California Department of Justice Bureau of Firearms,<br><br>   Defendants. | Case No.:  2:14-cv-02626-TLN-DAD<br><br>**JOINT STATUS REPORT** |

Pursuant to this Court's November 10, 2014 and April 1, 2015 Orders (Dkts. 3 and 31), Plaintiffs Tracy Rifle and Pistol LLC, Michael Baryla, Ten Percent Firearms, Wesley Morris, Sacramento Black Rifle, Inc., Robert Adams, PRK Arms, Inc., Jeffrey Mullen, Imbert & Smithers, Inc., and Alex Rolsky ("Plaintiffs") and Defendants Kamala D. Harris, in her official capacity as Attorney General of California; and Stephen J. Lindley, in his official capacity as Chief of the California Department of Justice Bureau of Firearms ("Defendants") hereby submit the following Joint Status Report.

**(a) Brief Summary of the Claims.**

Plaintiff firearms dealers challenge the constitutionality of California Penal Code section 26820, which prevents a firearms dealer from displaying any "handgun or imitation handgun, or [a] placard advertising the sale or other transfer thereof" anywhere that can be seen from the outside of a firearms dealership. Specifically, Plaintiffs contend that Section 26820 violates the First Amendment.

Defendants are the Attorney General of California, Kamala Harris, and the Chief of the California Department of Justice, Bureau of Firearms, Stephen Lindley.

**(b) Status of Service Upon All Defendants and Cross-Defendants.**

All Defendants have been served with the operative complaint.

**(c) Possible Joinder of Additional Parties.**

The parties do not anticipate the joinder of any additional parties. Plaintiffs may seek leave to join additional plaintiffs in the future if Defendants cite additional firearms dealerships for violating Section 26820.

**(d) Contemplated Amendments to the Pleadings.**

The parties do not anticipate any further amendments to the pleadings. Plaintiffs may seek to amend their complaint to assert a claim for damages if they are forced remove or replace signage or advertisements in order to comply with pending citations for violating Section 26820 while this case is pending. In addition, as noted in subdivision (c), Plaintiffs may seek to amend their complaint to accommodate the joinder of additional plaintiffs in the future if Defendants cite additional firearms dealerships for violating Section 26820.

**(e) The Statutory Basis for Jurisdiction and Venue.**

This case raises questions under the First Amendment and 42 U.S.C. § 1983 and this Court has jurisdiction over all claims for relief pursuant to 28 U.S.C. § 1331.  Venue is proper under 28 U.S.C. § 1391(b).  Defendants do not contest jurisdiction or venue.

**(f) Anticipated Discovery and the Scheduling of Discovery.**

1. <u>Rule 26 Disclosures</u>. The parties expect to complete disclosures under FRCP 26(a)(1) by August 7, 2015.

2. <u>Subjects of Discovery and Proposed Discovery Schedule</u>.  The parties anticipate very little in the way of fact discovery, and agree the primary focus of discovery will be related to expert witnesses, with a particular emphasis on the third prong of the of the *Central Hudson*[1] inquiry.

3. <u>Changes to Standard Limitations on Discovery</u>.  No changes to the limitations imposed on discovery imposed under the Civil Rules appear to be necessary at this time.

4. <u>Disclosure of Expert Witnesses</u>.  The parties propose December 21, 2015 as an initial deadline for disclosure of expert witnesses and information required by FRCP 26(a)(2).  However, the parties have agreed to further meet-and-confer on expert witness discovery and propose filing a further Joint Status Report no later than 60 days from this filing to update the Court on the status of expert witness discovery and fix a final deadline for FRCP 26(a)(2) disclosure.

5. <u>Proposed Dates for Discovery Cut-Off</u>.  The parties propose February 29, 2016 as the discovery cut-off date.

**(g) Proposed Date by Which All Non−Discovery Motions Shall be Filed.**

The parties anticipate filing cross-motions for summary judgment after the close of discovery, and propose the following briefing schedule for such motions:

<u>April 29, 2016</u>: Deadline for parties to file their motions for summary judgment.

<u>May 30, 2016</u>: Deadline for parties to file briefs in opposition to opposing parties' motion

---

[1]   *Central Hudson Gas & Elec. Corp. v. Pub. Serv. Comm'n of New York*, 447 U.S. 557 (1980).

for summary judgment.

June 14, 2016: Deadline for parties to file reply briefs in support of their motions for summary judgment.

**(h) Proposed Dates for Final Pretrial Conference and Trial.**

The parties propose the Court hold a pretrial conference, if necessary, one week after it issues its ruling on the cross-motions for summary judgment.

**(i) Estimated Days of Trial.**

The parties estimate a 2-3 day bench trial.  No party has demanded a jury.

**(j) Appropriateness of Special Procedures.**

The parties do not believe that any special procedures are necessary or appropriate at this time.

**(k) Modification of Standard Pretrial Procedures.**

The parties do not believe that any modification to the standard pretrial procedures will be necessary.

**(l) Related Cases.**

There are no related cases.

**(m) Prospects for Settlement.**

The parties do not believe there is any prospect of settlement.  Because the case involves the constitutionality of a state statute, a settlement conference would not be appropriate.

**(n) Further Considerations.**

On July 27, 2015, Plaintiffs filed a notice of appeal regarding the Court's denial of their motion for preliminary injunction.  The parties do not anticipate that the appeal will affect the proposed schedule outlined above.

Dated: July 29, 2015              BENBROOK LAW GROUP, PC


                                  By /s/ *Bradley A. Benbrook*
                                      BRADLEY A. BENBROOK
                                      Attorneys for Plaintiffs


Dated: July 29, 2015              KAMALA D. HARRIS
                                  Attorney General of California


                                  By /s/ *Nelson R. Richards*
                                      Nelson R. Richards
                                      Deputy Attorney General
                                      Attorneys for Defendants