UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

MAR 17 2016

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| TRACY RIFLE AND PISTOL LLC; et al., <br><br> Plaintiffs - Appellants, <br><br> v. <br><br> KAMALA D. HARRIS, Attorney General, State of California; STEPHEN J. LINDLEY, Chief, California Department of Justice, Bureau of Firearms, <br><br> Defendants - Appellees. | No. 15-16501 <br><br> D.C. No. 2:14-cv-02626-TLN-DAD <br> U.S. District Court for Eastern California, Sacramento <br><br> **MANDATE** |

The judgment of this Court, entered February 23, 2016, takes effect this date.

This constitutes the formal mandate of this Court issued pursuant to Rule 41(a) of the Federal Rules of Appellate Procedure.

FOR THE COURT:
Molly C. Dwyer
Clerk of Court

Craig Westbrooke
Deputy Clerk

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

FEB 23 2016

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS



| | |
|---|---|
| TRACY RIFLE AND PISTOL LLC; MICHAEL BARYLA, Managing Member, Tracy Rifle and Pistol LLC; TEN PERCENT FIREARMS, a California corporation; WESLEY MORRIS, Owner, Ten Percent Firearms; SACRAMENTO BLACK RIFLE, INC., a California corporation; ROBERT ADAMS, Owner, Sacramento Black Rifle, Inc.; PRK ARMS, INC., a California corporation; JEFFREY MULLEN, Owner, PRK Arms, Inc.; IMBERT & SMITHERS, INC.; ALEX ROLSKY, <br><br>            Plaintiffs - Appellants, <br><br> v. <br><br> KAMALA D. HARRIS, Attorney General, State of California; STEPHEN J. LINDLEY, Chief, California Department of Justice, Bureau of Firearms, <br><br>            Defendants - Appellees. | No. 15-16501 <br><br> D.C. No. 2:14-cv-02626-TLN-DAD <br><br> MEMORANDUM[*] |

---

   [*]   This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

Appeal from the United States District Court
for the Eastern District of California
Troy L. Nunley, District Judge, Presiding

Argued and Submitted February 9, 2016
San Francisco, California

Before: THOMAS, Chief Judge and SCHROEDER and NGUYEN, Circuit Judges.

Plaintiffs appeal the district court's denial of their motion to preliminarily enjoin the enforcement of California Penal Code Section 26820 while they continue to litigate a First Amendment challenge. We have jurisdiction under 28 U.S.C. § 1292(a)(1), and we affirm.

We review the district court's denial of a motion for a preliminary injunction for abuse of discretion, and reverse only if the resolution of the motion resulted from factual findings that were "illogical, implausible, or without support in the inferences that may be drawn from the record." *United States v. Hinkson*, 585 F.3d 1247, 1262 (9th Cir. 2009).

Here, the district court did not abuse its discretion in applying the factors under *Winter v. Natural Resources Defense Council, Inc.*, and concluding that on this record Plaintiffs were not entitled to the "extraordinary remedy" of a preliminary injunction. 555 U.S. 7, 20, 22 (2008). Applying the correct legal framework for analyzing content-based burdens on commercial speech, the district

court found it likely that Section 26820 did not directly advance a substantial government interest and that the restriction was more extensive than necessary to achieve that interest. *Cent. Hudson Gas & Elec. Corp. v. Pub. Serv. Comm'n of N.Y.*, 447 U.S. 557, 566 (1980). We cannot say that these findings were illogical, implausible, or without support in the record. *See Hinkson*, 585 F.3d at 1262.

Analyzing the remaining *Winter* factors, the district court concluded that while Plaintiffs are likely to suffer irreparable harm resulting from the potential infringement of their First Amendment rights, the magnitude of this potential harm is minimal due to the commercial nature of the speech and limited scope of the restriction. *See Bd. of Trs. of State Univ. of N.Y. v. Fox*, 492 U.S. 469, 477 (1989) (commercial speech holds a subordinate position in the scale of First Amendment values). The district court further found that the balance of equities does not tip in Plaintiffs' favor where, as here, serious public safety risks are implicated and the harm to Plaintiffs is relatively slight. Again, we see no abuse of discretion in the district court's analysis of the appropriate factors under *Winter*.

**AFFIRMED.**