BENBROOK LAW GROUP, PC
BRADLEY A. BENBROOK (SBN 177786)
STEPHEN M. DUVERNAY (SBN 250957)
400 Capitol Mall, Suite 1610
Sacramento, CA 95814
Telephone: (916) 447-4900
Facsimile: (916) 447-4904
brad@benbrooklawgroup.com
steve@benbrooklawgroup.com

EUGENE VOLOKH (SBN 194464)
UCLA School of Law
405 Hilgard Ave.
Los Angeles, CA 90095
Telephone: (310) 206-3926
Facsimile: (310) 206-7010
eugene.volokh@gmail.com

Attorneys for Plaintiffs

# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TRACY RIFLE AND PISTOL LLC; MICHAEL BARYLA; TEN PERCENT FIREARMS; WESLEY MORRIS; SACRAMENTO BLACK RIFLE, INC.; ROBERT ADAMS; PRK ARMS, INC.; JEFFREY MULLEN; IMBERT & SMITHERS, INC.; and ALEX ROLSKY, <br><br> Plaintiffs, <br><br> v. <br><br> KAMALA D. HARRIS, in her official capacity as Attorney General of California; and STEPHEN J. LINDLEY, in his official capacity as Chief of the California Department of Justice Bureau of Firearms, <br><br> Defendants. | Case No.: 2:14-cv-02626-TLN-DB <br><br> **PLAINTIFFS' RESPONSE TO DEFENDANTS' SEPARATE STATEMENT OF UNDISPUTED FACTS SUBMITTED IN SUPPORT OF DEFENDANTS' MOTION FOR SUMMARY JUDGMENT** <br><br> Hearing Date: Feb. 23, 2017 <br> Time: 2:00 p.m. <br> Courtroom: 2 <br> Judge: Troy L. Nunley <br><br> Action filed Nov. 10, 2014 |

Pursuant to Federal Rule of Civil Procedure 56(c)(1) and Local Rule 260(a), Plaintiffs Tracy Rifle and Pistol LLC, Michael Baryla, Ten Percent Firearms, Wesley Morris, Sacramento Black Rifle, Inc., Robert Adams, PRK Arms, Inc., Jeffrey Mullen, Imbert & Smithers, Inc., and Alex Rolsky submit the following response to Defendants' Separate Statement of Undisputed Facts in support of their Motion for Summary Judgment.

| | Defendants' Undisputed Facts | Plaintiffs' Response |
|---|---|---|
| 1. | On September 12, 2014, the DOJ Bureau of Firearms inspected Tracy Rifle. At the time of the inspection, the building's exterior windows were covered with large vinyl decals depicting four firearms—three handguns and a rifle. The Bureau of Firearms issued a "Notification of Inspection Findings" citing Plaintiffs Tracy Rifle and Baryla for violating Penal Code section 26820 because of the handgun decals, and requiring Plaintiffs to take corrective action by February 11, 2015. | Undisputed. |
| 2. | On or about February 23, 2010, the DOJ Bureau of Firearms inspected Ten Percent Firearms. Displayed in the dealership's parking lot was a metal sign shaped like a revolver. The DOJ inspector informed the dealership that the sign violated the handgun advertising restriction, and Ten Percent Firearms immediately removed the | Undisputed. |

| | | |
|---|---|---|
| | sign. The Bureau of Firearms issued a "Notification of Inspection Findings" citing Plaintiffs Ten Percent Firearms and Morris for violating the handgun advertising ban | |
| 3. | On January 28, 2015, the DOJ Bureau of Firearms inspected Imbert & Smithers. At the time of the inspection, the building's exterior displayed a sign featuring the dealership's logo, which incorporates the outline of a single-action revolver. The Bureau of Firearms issued a "Notification of Inspection Findings" citing Imbert & Smithers and Rolsky for violating Penal Code section 26820, and requiring them to take corrective action by July 28, 2015. | Undisputed. |
| 4. | Plaintiffs desire to display on-site handgun advertising that is visible from the outside of their dealerships. | Undisputed. |
| 5. | A nationwide study by the U.S. Department of Justice reports that "[a]bout 70% to 80% of firearm homicides and 90% of nonfatal firearm victimizations were committed with a handgun from 1993 to 2011." The study reports that, in that period, between 6,900 and 13,500 people annually were killed with | This fact is neither material, nor is the underlying evidence significantly probative on the critical issue in the case: Whether Section 26820 directly and materially limits impulse buys and in turn leads to materially less handgun crime and violence. *See Anderson v. Liberty* |

| | | handguns and between 43,000 and 94,000 people annually were assaulted or otherwise victimized in nonfatal crimes involving handguns. | *Lobby, Inc.*, 477 U.S. 242, 248 (1986) ("the materiality determination rests on the substantive law, [and] it is the substantive law's identification of which facts are critical and which facts are irrelevant that governs."). Rather, this appears to be offered in support of the general notion that "less handguns means less crime and violence," which the Court has stated is not the relevant inquiry. |
|---|---|---|---|
| | 6. | A study by the California Department of Justice found that about half of California's murder victims in recent years were killed with handguns. | This fact is neither material, nor is the underlying evidence significantly probative on the critical issue in the case: Whether Section 26820 directly and materially limits impulse buys and in turn leads to materially less handgun crime and violence. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986) ("the materiality determination rests on the substantive law, [and] it is the substantive law's identification of which facts are critical and which facts are irrelevant that governs."). Rather, this appears to be offered in support of the general notion that "less handguns means less crime and violence," which the Court has stated is not the relevant inquiry. |

| | | |
|---|---|---|
| 7. | One 2013 study focusing on California's rural areas noted that 90% of guns recovered from crime scenes and sent to the state's crime laboratory were handguns. | This fact is neither material, nor is the underlying evidence significantly probative on the critical issue in the case: Whether Section 26820 directly and materially limits impulse buys and in turn leads to materially less handgun crime and violence. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986) ("the materiality determination rests on the substantive law, [and] it is the substantive law's identification of which facts are critical and which facts are irrelevant that governs."). Rather, this appears to be offered in support of the general notion that "less handguns means less crime and violence," which the Court has stated is not the relevant inquiry. |
| 8. | Data from the California Department of Public Health shows that between 2005 and 2009, over 1,000 Californians used handguns to kill themselves. | This fact is neither material, nor is the underlying evidence significantly probative on the critical issue in the case: Whether Section 26820 directly and materially limits impulse buys and in turn leads to materially less handgun crime and violence. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986) ("the materiality determination rests on the |

| | | | |
|---|---|---|---|
| 1 | | | substantive law, [and] it is the substantive law's identification of which facts are critical and which facts are irrelevant that governs."). Rather, this appears to be offered in support of the general notion that "less handguns means less crime and violence," which the Court has stated is not the relevant inquiry. |
| 9. | | A study published in the *New England Journal of Medicine* found that increased handgun ownership is associated with a higher murder rate. | This fact is neither material, nor is the underlying evidence significantly probative on the critical issue in the case: Whether Section 26820 directly and materially limits impulse buys and in turn leads to materially less handgun crime and violence. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986) ("the materiality determination rests on the substantive law, [and] it is the substantive law's identification of which facts are critical and which facts are irrelevant that governs."). Rather, this appears to be offered in support of the general notion that "less handguns means less crime and violence," which the Court has stated is not the relevant inquiry. |
| 10. | | A study published in the *American Journal* | This fact is neither material, nor is the |

| | | *of Public Health* of found a substantial correlation between gun ownership and firearm suicide, and notes that several studies have shown that individual gun ownership is related to an increased risk of being a homicide victim. | underlying evidence significantly probative on the critical issue in the case: Whether Section 26820 directly and materially limits impulse buys and in turn leads to materially less handgun crime and violence. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986) ("the materiality determination rests on the substantive law, [and] it is the substantive law's identification of which facts are critical and which facts are irrelevant that governs."). Rather, this appears to be offered in support of the general notion that "less handguns means less crime and violence," which the Court has stated is not the relevant inquiry. |
|---|---|---|---|
| 11. | | A study published in the *American Journal of Public Health* found that "[l]egal purchase of a handgun appears to be associated with a long-lasting increased risk of violent death." | This fact is neither material, nor is the underlying evidence significantly probative on the critical issue in the case: Whether Section 26820 directly and materially limits impulse buys and in turn leads to materially less handgun crime and violence. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986) ("the materiality determination rests on the substantive law, [and] it is the substantive law's identification of which facts are |

| | | |
|---|---|---|
| | | critical and which facts are irrelevant that governs."). Rather, this appears to be offered in support of the general notion that "less handguns means less crime and violence," which the Court has stated is not the relevant inquiry. |
| 12. | A study published in the *New England Journal of Medicine* found that "purchase of a handgun is associated with substantial changes in the risk of violent death." | This fact is neither material, nor is the underlying evidence significantly probative on the critical issue in the case: Whether Section 26820 directly and materially limits impulse buys and in turn leads to materially less handgun crime and violence. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986) ("the materiality determination rests on the substantive law, [and] it is the substantive law's identification of which facts are critical and which facts are irrelevant that governs."). Rather, this appears to be offered in support of the general notion that "less handguns means less crime and violence," which the Court has stated is not the relevant inquiry. |
| 13. | A study published in the journal *Injury Prevention* found that "[a]mong adults who died in California in 1998, those dying from | This fact is neither material, nor is the underlying evidence significantly probative on the critical issue in the case: |

| | | | |
|---|---|---|---|
| 1 | | violence were more likely than those dying from non-injury causes to have purchased a handgun." | Whether Section 26820 directly and materially limits impulse buys and in turn leads to materially less handgun crime and violence. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986) ("the materiality determination rests on the substantive law, [and] it is the substantive law's identification of which facts are critical and which facts are irrelevant that governs."). Rather, this appears to be offered in support of the general notion that "less handguns means less crime and violence," which the Court has stated is not the relevant inquiry. |
| 14. | At least three studies have found that handgun purchases are associated with an increased risk of suicide for the purchaser, a risk that extends to members of his household. | This fact is neither material, nor is the underlying evidence significantly probative on the critical issue in the case: Whether Section 26820 directly and materially limits impulse buys and in turn leads to materially less handgun crime and violence. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986) ("the materiality determination rests on the substantive law, [and] it is the substantive law's identification of which facts are critical and which facts are irrelevant that governs."). Rather, this appears to be offered in |

| | | |
|---|---|---|
| | | support of the general notion that "less handguns means less crime and violence," which the Court has stated is not the relevant inquiry. |
| 15. | A study examining firearm and suicide data from California concluded that buying a handgun is associated with an increase in the risk of suicide, which starts within a week of purchase and lasts for at least six years. The study noted that "[i]n the first year after the purchase of a handgun, suicide was the leading cause of death among handgun purchasers . . . ." It also noted that the increase risk of suicide could not be explained by people purchasing a handgun to use in a suicide—fewer than 10% of people who committed suicide or attempted to commit suicide purchased guns for that purpose, and most firearm suicides occurred well after the gun had been purchased. | This fact is neither material, nor is the underlying evidence significantly probative on the critical issue in the case: Whether Section 26820 directly and materially limits impulse buys and in turn leads to materially less handgun crime and violence. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986) ("the materiality determination rests on the substantive law, [and] it is the substantive law's identification of which facts are critical and which facts are irrelevant that governs."). Rather, this appears to be offered in support of the general notion that "less handguns means less crime and violence," which the Court has stated is not the relevant inquiry. |
| 16. | A study examining firearm and suicide data from California found a "very strong association between handgun purchase and subsequent gun suicide." | This fact is neither material, nor is the underlying evidence significantly probative on the critical issue in the case: Whether Section 26820 directly and materially limits impulse buys and in turn leads to materially |

| | | | |
|---|---|---|---|
| | | | less handgun crime and violence. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986) ("the materiality determination rests on the substantive law, [and] it is the substantive law's identification of which facts are critical and which facts are irrelevant that governs."). Rather, this appears to be offered in support of the general notion that "less handguns means less crime and violence," which the Court has stated is not the relevant inquiry. |
| | 17. | Professor Gundlach has offered an opinion that, based on his expertise and review of marketing scholarship, it is reasonable to conclude that Penal Code section 26820 inhibits impulsive handgun purchases. | The underlying evidence of this opinion is not significantly probative on the critical issue in the case: Whether Section 26820 directly and materially limits impulse buys and in turn leads to materially less handgun crime and violence. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986) ("the materiality determination rests on the substantive law, [and] it is the substantive law's identification of which facts are critical and which facts are irrelevant that governs."). Professor Gundlach has not identified any evidence of impulse purchases of firearms that were triggered by the sort on-premises |

| | | |
|---|---|---|
| | | advertising that is at issue here; therefore, this evidence is the sort of "speculation and conjecture" rejected by the courts.

Furthermore, Professor Gundlach's opinion lacks sufficient evidentiary support to warrant summary judgment. *See Yocom v. Cole*, 904 F.2d 711 (9th Cir. 1990) ("Expert testimony is admissible on summary judgment only if the opinion is supported by facts sufficient to satisfy the requirements of Fed.R.Civ.P. 56(e). It is not enough to simply opine; the factual basis must be stated."); *United States v. Various Slot Machines on Guam*, 658 F.2d 697, 700 (9th Cir. 1981) ("[I]n the context of a motion for summary judgment, an expert must back up his opinion with specific facts."). |
| 18. | Professor Gundlach has offered an opinion that, based on his expertise and review of marketing scholarship, it is reasonable to conclude that if Penal Code section 26820 is invalidated and signage like that used by Tracy Rifle and other plaintiffs become more commonplace, there will be an increase in impulsive handgun purchases. | The underlying evidence of this opinion is not significantly probative on the critical issue in the case: Whether Section 26820 directly and materially limits impulse buys and in turn leads to materially less handgun crime and violence. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986) ("the materiality determination rests on the substantive law, [and] it is the |

| | | | |
|---|---|---|---|
| | | | substantive law's identification of which facts are critical and which facts are irrelevant that governs."). Professor Gundlach has not identified any evidence of impulse purchases of firearms that were triggered by the sort on-premises advertising that is at issue here; therefore, this evidence is the sort of "speculation and conjecture" rejected by the courts.<br><br>Furthermore, Professor Gundlach's opinion lacks sufficient evidentiary support to warrant summary judgment. *See Yocom v. Cole*, 904 F.2d 711 (9th Cir. 1990) ("Expert testimony is admissible on summary judgment only if the opinion is supported by facts sufficient to satisfy the requirements of Fed.R.Civ.P. 56(e). It is not enough to simply opine; the factual basis must be stated."); *United States v. Various Slot Machines on Guam*, 658 F.2d 697, 700 (9th Cir. 1981) ("[I]n the context of a motion for summary judgment, an expert must back up his opinion with specific facts."). |
| 19. | Professor Gundlach cites evidence that firearms are purchased on impulse. | The underlying evidence of this fact is not significantly probative on the critical issue in the case: Whether Section 26820 directly |

and materially limits impulse buys and in turn leads to materially less handgun crime and violence.  *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986) ("the materiality determination rests on the substantive law, [and] it is the substantive law's identification of which facts are critical and which facts are irrelevant that governs.").  Professor Gundlach has not identified any evidence of impulse purchases of firearms that were triggered by the sort on-premises advertising that is at issue here; therefore, this evidence is the sort of "speculation and conjecture" rejected by the courts.

Furthermore, Professor Gundlach's opinion lacks sufficient evidentiary support to warrant summary judgment.  *See Yocom v. Cole*, 904 F.2d 711 (9th Cir. 1990) ("Expert testimony is admissible on summary judgment only if the opinion is supported by facts sufficient to satisfy the requirements of Fed.R.Civ.P. 56(e). It is not enough to simply opine; the factual basis must be stated."); *United States v. Various Slot Machines on Guam*, 658 F.2d 697, 700 (9th Cir. 1981) ("[I]n the context of a motion for

| | | | |
|---|---|---|---|
| | | | summary judgment, an expert must back up his opinion with specific facts."). |
| 20. | | Professor Gundlach cites the Chief Executive Officer of Sturm, Ruger & Company during a quarterly earnings call as reporting that "we try to build thousands of units of a new product before launching it. That's really important because so much of firearms purchases is an impulse buy." | This fact is neither material, nor is the underlying evidence significantly probative on the critical issue in the case: Whether Section 26820 directly and materially limits impulse buys and in turn leads to materially less handgun crime and violence. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986) ("the materiality determination rests on the substantive law, [and] it is the substantive law's identification of which facts are critical and which facts are irrelevant that governs."). Professor Gundlach has not identified any evidence of impulse purchases of firearms that were triggered by the sort on-premises advertising that is at issue here; therefore, this evidence is the sort of "speculation and conjecture" rejected by the courts.

Furthermore, Professor Gundlach's opinion lacks sufficient evidentiary support to warrant summary judgment. *See Yocom v. Cole*, 904 F.2d 711 (9th Cir. 1990) ("Expert testimony is admissible on summary judgment only if the opinion is supported by |

| | | | |
|---|---|---|---|
| | | | facts sufficient to satisfy the requirements of Fed.R.Civ.P. 56(e). It is not enough to simply opine; the factual basis must be stated."); *United States v. Various Slot Machines on Guam*, 658 F.2d 697, 700 (9th Cir. 1981) ("[I]n the context of a motion for summary judgment, an expert must back up his opinion with specific facts."). |
| 21. | Professor Gundlach cites the publication of a firearms industry trade organization as noting that men tend to purchase their first firearm on impulse. | | This fact is neither material, nor is the underlying evidence significantly probative on the critical issue in the case: Whether Section 26820 directly and materially limits impulse buys and in turn leads to materially less handgun crime and violence. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986) ("the materiality determination rests on the substantive law, [and] it is the substantive law's identification of which facts are critical and which facts are irrelevant that governs."). Professor Gundlach has not identified any evidence of impulse purchases of firearms that were triggered by the sort on-premises advertising that is at issue here.

Furthermore, Professor Gundlach's opinion lacks sufficient evidentiary support to |

| | | | |
|---|---|---|---|
| | | | warrant summary judgment. *See Yocom v. Cole*, 904 F.2d 711 (9th Cir. 1990) ("Expert testimony is admissible on summary judgment only if the opinion is supported by facts sufficient to satisfy the requirements of Fed.R.Civ.P. 56(e). It is not enough to simply opine; the factual basis must be stated."); *United States v. Various Slot Machines on Guam*, 658 F.2d 697, 700 (9th Cir. 1981) ("[I]n the context of a motion for summary judgment, an expert must back up his opinion with specific facts."); therefore, this evidence is the sort of "speculation and conjecture" rejected by the courts. |
| 22. | | Professor Gundlach cites evidence of individual consumers acknowledging that they have purchased firearms on impulse. | This fact is neither material, nor is the underlying evidence significantly probative on the critical issue in the case: Whether Section 26820 directly and materially limits impulse buys and in turn leads to materially less handgun crime and violence. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986) ("the materiality determination rests on the substantive law, [and] it is the substantive law's identification of which facts are critical and which facts are irrelevant that governs."). Professor Gundlach has not identified any |

| | | |
|---|---|---|
| | | evidence of impulse purchases of firearms that were triggered by the sort on-premises advertising that is at issue here; therefore, this evidence is the sort of "speculation and conjecture" rejected by the courts.<br><br>Furthermore, Professor Gundlach's opinion lacks sufficient evidentiary support to warrant summary judgment. *See Yocom v. Cole*, 904 F.2d 711 (9th Cir. 1990) ("Expert testimony is admissible on summary judgment only if the opinion is supported by facts sufficient to satisfy the requirements of Fed.R.Civ.P. 56(e). It is not enough to simply opine; the factual basis must be stated."); *United States v. Various Slot Machines on Guam*, 658 F.2d 697, 700 (9th Cir. 1981) ("[I]n the context of a motion for summary judgment, an expert must back up his opinion with specific facts."). |
| 23. | Professor Gundlach has offered an opinion that "limitations on the use of on-premise signage and graphics like those set forth in Section 26820 act as a constraint and impediment to the impulse purchase of a handgun that would otherwise be induced by such on-premise signage and graphics," | The underlying evidence of this opinion is not significantly probative on the critical issue in the case: Whether Section 26820 directly and materially limits impulse buys and in turn leads to materially less handgun crime and violence. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 |

| | | |
|---|---|---|
| | and that "[i]t is precisely in the way described by these researchers that Section 26820 may be reasonably described to act as a constraint and impediment to the impulse purchase of a handgun that would otherwise be induced by on-premise signage and graphics." | (1986) ("the materiality determination rests on the substantive law, [and] it is the substantive law's identification of which facts are critical and which facts are irrelevant that governs."). Professor Gundlach has not identified any evidence of impulse purchases of firearms that were triggered by the sort on-premises advertising that is at issue here; therefore, this evidence is the sort of "speculation and conjecture" rejected by the courts.<br><br>Furthermore, Professor Gundlach's opinion lacks sufficient evidentiary support to warrant summary judgment. *See Yocom v. Cole*, 904 F.2d 711 (9th Cir. 1990) ("Expert testimony is admissible on summary judgment only if the opinion is supported by facts sufficient to satisfy the requirements of Fed.R.Civ.P. 56(e). It is not enough to simply opine; the factual basis must be stated."); *United States v. Various Slot Machines on Guam*, 658 F.2d 697, 700 (9th Cir. 1981) ("[I]n the context of a motion for summary judgment, an expert must back up his opinion with specific facts."). |
| 24. | Professor Gundlach discusses research that | This fact is neither material, nor is the |

identifies "dispositional antecedents"—personality traits—that affect buying decisions. He explains that this research has found that impulse buying is "associated with impulsivity and related personality traits," that people with impulse buying tendencies have "higher unreflective, immediate, spontaneous, and kinetic traits," and that "the tendency to buy impulsively is rooted in facets of personality."

underlying evidence significantly probative on the critical issue in the case: Whether Section 26820 directly and materially limits impulse buys and in turn leads to materially less handgun crime and violence. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986) ("the materiality determination rests on the substantive law, [and] it is the substantive law's identification of which facts are critical and which facts are irrelevant that governs."). Professor Gundlach has not identified any evidence of impulse purchases of firearms that were triggered by the sort on-premises advertising that is at issue here; therefore, this evidence is the sort of "speculation and conjecture" rejected by the courts.

Furthermore, Professor Gundlach's opinion lacks sufficient evidentiary support to warrant summary judgment. *See Yocom v. Cole*, 904 F.2d 711 (9th Cir. 1990) ("Expert testimony is admissible on summary judgment only if the opinion is supported by facts sufficient to satisfy the requirements of Fed.R.Civ.P. 56(e). It is not enough to simply opine; the factual basis must be stated."); *United States v. Various Slot*

| | | | |
|---|---|---|---|
| 1 | | | *Machines on Guam*, 658 F.2d 697, 700 (9th |
| 2 | | | Cir. 1981) ("[I]n the context of a motion for |
| 3 | | | summary judgment, an expert must back up |
| 4 | | | his opinion with specific facts."). |
| 5 | | | |
| 6 | 25. | Professor Gundlach has offered an opinion | The underlying evidence of this opinion is |
| 7 | | that situational variables, including the | not significantly probative on the critical |
| 8 | | types of signs and graphics displayed and | issue in the case: Whether Section 26820 |
| 9 | | posted by Plaintiffs and addressed in Penal | directly and materially limits impulse buys |
| 10 | | Code section 26820, together with | and in turn leads to materially less handgun |
| 11 | | dispositional variables on the part of | crime and violence. *See Anderson v.* |
| 12 | | individuals, offer the greatest explanation | *Liberty Lobby, Inc.*, 477 U.S. 242, 248 |
| 13 | | for the tendency of consumers to engage in | (1986) ("the materiality determination rests |
| 14 | | an impulse purchase. | on the substantive law, [and] it is the |
| 15 | | | substantive law's identification of which |
| 16 | | | facts are critical and which facts are |
| 17 | | | irrelevant that governs."). Professor |
| 18 | | | Gundlach has not identified any evidence of |
| 19 | | | impulse purchases of firearms that were |
| 20 | | | triggered by the sort on-premises |
| 21 | | | advertising that is at issue here; therefore, |
| 22 | | | this evidence is the sort of "speculation and |
| 23 | | | conjecture" rejected by the courts. |
| 24 | | | |
| 25 | | | Furthermore, Professor Gundlach's opinion |
| 26 | | | lacks sufficient evidentiary support to |
| 27 | | | warrant summary judgment. *See Yocom v.* |
| 28 | | | *Cole*, 904 F.2d 711 (9th Cir. 1990) ("Expert |

| | | | testimony is admissible on summary judgment only if the opinion is supported by facts sufficient to satisfy the requirements of Fed.R.Civ.P. 56(e). It is not enough to simply opine; the factual basis must be stated."); *United States v. Various Slot Machines on Guam*, 658 F.2d 697, 700 (9th Cir. 1981) ("[I]n the context of a motion for summary judgment, an expert must back up his opinion with specific facts."). |
|---|---|---|---|
| 26. | | Professor Gundlach has offered an opinion that "if retail managers of handguns can use signage and graphics like that proscribed by Section 26820 to influence the situation surrounding the purchase of a handgun, they can have the greatest impact on purchasers of handguns who are predisposed to buy on impulse." | The underlying evidence of this opinion is not significantly probative on the critical issue in the case: Whether Section 26820 directly and materially limits impulse buys and in turn leads to materially less handgun crime and violence. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986) ("the materiality determination rests on the substantive law, [and] it is the substantive law's identification of which facts are critical and which facts are irrelevant that governs."). Professor Gundlach has not identified any evidence of impulse purchases of firearms that were triggered by the sort on-premises advertising that is at issue here; therefore, this evidence is the sort of "speculation and |

| | | | |
|---|---|---|---|
| | | | conjecture" rejected by the courts. |
| | | | Furthermore, Professor Gundlach's opinion lacks sufficient evidentiary support to warrant summary judgment. *See Yocom v. Cole*, 904 F.2d 711 (9th Cir. 1990) ("Expert testimony is admissible on summary judgment only if the opinion is supported by facts sufficient to satisfy the requirements of Fed.R.Civ.P. 56(e). It is not enough to simply opine; the factual basis must be stated."); *United States v. Various Slot Machines on Guam*, 658 F.2d 697, 700 (9th Cir. 1981) ("[I]n the context of a motion for summary judgment, an expert must back up his opinion with specific facts."). |
| 27. | | Professor Gundlach has offered an opinion that "based on the analysis of decades of empirical research, . . . it is reasonable to conclude that limitations placed on the use of marketing stimuli in the retail environment and involving visually appealing on-premise signs and graphics of the type proscribed by Section 26820, reduce the impulse purchase of handguns by consumers predisposed to purchase them." he substantiates the connections he makes | The underlying evidence of this opinion is not significantly probative on the critical issue in the case: Whether Section 26820 directly and materially limits impulse buys and in turn leads to materially less handgun crime and violence. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986) ("the materiality determination rests on the substantive law, [and] it is the substantive law's identification of which facts are critical and which facts are |

| | | between empirical research and section 26820 by checking them against the theoretical research on impulse buying. | irrelevant that governs.").  Professor Gundlach has not identified any evidence of impulse purchases of firearms that were triggered by the sort on-premises advertising that is at issue here; therefore, this evidence is the sort of "speculation and conjecture" rejected by the courts.

Furthermore, Professor Gundlach's opinion lacks sufficient evidentiary support to warrant summary judgment.  *See Yocom v. Cole*, 904 F.2d 711 (9th Cir. 1990) ("Expert testimony is admissible on summary judgment only if the opinion is supported by facts sufficient to satisfy the requirements of Fed.R.Civ.P. 56(e). It is not enough to simply opine; the factual basis must be stated."); *United States v. Various Slot Machines on Guam*, 658 F.2d 697, 700 (9th Cir. 1981) ("[I]n the context of a motion for summary judgment, an expert must back up his opinion with specific facts."). |
| 28. | Professor Mann has offered an opinion that impulsive Personality traits increase the risk of suicide. | Undisputed. |
| 29. | Professor Mann supports his opinion by | Undisputed. |

| | | |
|---|---|---|
| | explaining that that: people who commit suicide have "a more pronounced trait of impulsiveness"; that "[s]uicidal behavior is transmitted in families and the familial transmission is linked to the transmission of this trait of impulsiveness"; and that the "impulsive trait has been related to deficits in executive function, whereby the person when making a decision about making a suicide attempt or opting for the possibility of help through antidepressant . . . opts for the quick fix for their emotional pain by making a suicide attempt." | |
| 30. | Professor Mann has offered an opinion that the availability of a firearm, particularly a handgun, in the home increases the risk of suicide for impulsive individuals. | This fact is neither material, nor is the underlying evidence significantly probative on the critical issue in the case: Whether Section 26820 directly and materially limits impulse buys and in turn leads to materially less handgun crime and violence. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986) ("the materiality determination rests on the substantive law, [and] it is the substantive law's identification of which facts are critical and which facts are irrelevant that governs."). Rather, this appears to be offered in support of the general notion |

| | | | that "less handguns means less crime and violence," which the Court has stated is not the relevant inquiry.

Further, by failing to draw a connection between the sign ban and this opinion, Dr. Mann is engaging in the sort of "speculation and conjecture" rejected by the courts. |
|---|---|---|---|
| 31. | | To support his conclusion that the availability of a firearm, particularly a handgun, in the home increases the risk of suicide for impulsive individuals, Professor Mann cites an article he co-authored on firearms and suicide prevention that was recently published in the *American Journal of Psychiatry*. | This fact is neither material, nor is the underlying evidence significantly probative on the critical issue in the case: Whether Section 26820 directly and materially limits impulse buys and in turn leads to materially less handgun crime and violence. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986) ("the materiality determination rests on the substantive law, [and] it is the substantive law's identification of which facts are critical and which facts are irrelevant that governs."). Rather, this appears to be offered in support of the general notion that "less handguns means less crime and violence," which the Court has stated is not the relevant inquiry. |

| | | | |
|---|---|---|---|
| | | | Furthermore, Professor Mann's opinion lacks sufficient evidentiary support to warrant summary judgment. *See Yocom v. Cole*, 904 F.2d 711 (9th Cir. 1990) ("Expert testimony is admissible on summary judgment only if the opinion is supported by facts sufficient to satisfy the requirements of Fed.R.Civ.P. 56(e). It is not enough to simply opine; the factual basis must be stated."); *United States v. Various Slot Machines on Guam*, 658 F.2d 697, 700 (9th Cir. 1981) ("[I]n the context of a motion for summary judgment, an expert must back up his opinion with specific facts."). |
| 32. | | Professor Mann reports that "[s]uicidal behavior is generally impulsive and 70% of suicide attempters act less than one hour after deciding to kill themselves" | This fact is neither material, nor is the underlying evidence significantly probative on the critical issue in the case: Whether Section 26820 directly and materially limits impulse buys and in turn leads to materially less handgun crime and violence. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986) ("the materiality determination rests on the substantive law, [and] it is the substantive law's identification of which facts are critical and which facts are irrelevant that governs."). |

| | | | |
|---|---|---|---|
| 1 | | | Furthermore, Professor Mann's opinion |
| 2 | | | lacks sufficient evidentiary support to |
| 3 | | | warrant summary judgment. *See Yocom v.* |
| 4 | | | *Cole*, 904 F.2d 711 (9th Cir. 1990) ("Expert |
| 5 | | | testimony is admissible on summary |
| 6 | | | judgment only if the opinion is supported by |
| 7 | | | facts sufficient to satisfy the requirements of |
| 8 | | | Fed.R.Civ.P. 56(e). It is not enough to |
| 9 | | | simply opine; the factual basis must be |
| 10 | | | stated."); *United States v. Various Slot* |
| 11 | | | *Machines on Guam*, 658 F.2d 697, 700 (9th |
| 12 | | | Cir. 1981) ("[I]n the context of a motion for |
| 13 | | | summary judgment, an expert must back up |
| 14 | | | his opinion with specific facts."). |
| 15 | | | |
| 16 | 33. | Professor Mann cites social science research | This fact is neither material, nor is the |
| 17 | | showing that the firearm suicide rate | underlying evidence significantly probative |
| 18 | | decreases as the firearm ownership rate | on the critical issue in the case: Whether |
| 19 | | decreases and that states with higher firearm | Section 26820 directly and materially limits |
| 20 | | ownership have higher firearm suicide rates | impulse buys and in turn leads to materially |
| 21 | | but comparable non-firearm suicide rates. | less handgun crime and violence. *See* |
| 22 | | | *Anderson v. Liberty Lobby, Inc.*, 477 U.S. |
| 23 | | | 242, 248 (1986) ("the materiality |
| 24 | | | determination rests on the substantive law, |
| 25 | | | [and] it is the substantive law's |
| 26 | | | identification of which facts are critical and |
| 27 | | | which facts are irrelevant that governs."). |
| 28 | | | Rather, this appears to be offered in |

| | | | |
|---|---|---|---|
| | | | support of the general notion that "less handguns means less crime and violence," which the Court has stated is not the relevant inquiry.

Furthermore, Professor Mann's opinion lacks sufficient evidentiary support to warrant summary judgment. *See Yocom v. Cole*, 904 F.2d 711 (9th Cir. 1990) ("Expert testimony is admissible on summary judgment only if the opinion is supported by facts sufficient to satisfy the requirements of Fed.R.Civ.P. 56(e). It is not enough to simply opine; the factual basis must be stated."); *United States v. Various Slot Machines on Guam*, 658 F.2d 697, 700 (9th Cir. 1981) ("[I]n the context of a motion for summary judgment, an expert must back up his opinion with specific facts."). |
| 34. | | Professor Mann has offered an opinion that suicide attempts using a firearm is more often fatal than any of the other means of suicide that are amongst those in the top ten most frequently used methods. | The underlying evidence of this opinion is not significantly probative on the critical issue in the case: Whether Section 26820 directly and materially limits impulse buys and in turn leads to materially less handgun crime and violence. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986) ("the materiality determination rests |

| | | | |
|---|---|---|---|
| | | | on the substantive law, [and] it is the substantive law's identification of which facts are critical and which facts are irrelevant that governs."). Rather, this appears to be offered in support of the general notion that "less handguns means less crime and violence," which the Court has stated is not the relevant inquiry.

Furthermore, Professor Mann's opinion lacks sufficient evidentiary support to warrant summary judgment. *See Yocom v. Cole*, 904 F.2d 711 (9th Cir. 1990) ("Expert testimony is admissible on summary judgment only if the opinion is supported by facts sufficient to satisfy the requirements of Fed.R.Civ.P. 56(e). It is not enough to simply opine; the factual basis must be stated."); *United States v. Various Slot Machines on Guam*, 658 F.2d 697, 700 (9th Cir. 1981) ("[I]n the context of a motion for summary judgment, an expert must back up his opinion with specific facts."). |
| 35. | Professor Mann has offered an opinion that prevention of firearm suicide requires multiple different strategies because the factors involved are complex and one | | The underlying evidence of this opinion is not significantly probative on the critical issue in the case: Whether Section 26820 directly and materially limits impulse buys |

| | | |
|---|---|---|
| 1 | strategy is insufficient. | and in turn leads to materially less handgun |
| 2 | | crime and violence. *See Anderson v.* |
| 3 | | *Liberty Lobby, Inc.*, 477 U.S. 242, 248 |
| 4 | | (1986) ("the materiality determination rests |
| 5 | | on the substantive law, [and] it is the |
| 6 | | substantive law's identification of which |
| 7 | | facts are critical and which facts are |
| 8 | | irrelevant that governs."). |
| 9 | | |
| 10 | | Furthermore, Professor Mann's opinion |
| 11 | | lacks sufficient evidentiary support to |
| 12 | | warrant summary judgment. *See Yocom v.* |
| 13 | | *Cole*, 904 F.2d 711 (9th Cir. 1990) ("Expert |
| 14 | | testimony is admissible on summary |
| 15 | | judgment only if the opinion is supported by |
| 16 | | facts sufficient to satisfy the requirements of |
| 17 | | Fed.R.Civ.P. 56(e). It is not enough to |
| 18 | | simply opine; the factual basis must be |
| 19 | | stated."); *United States v. Various Slot* |
| 20 | | *Machines on Guam*, 658 F.2d 697, 700 (9th |
| 21 | | Cir. 1981) ("[I]n the context of a motion for |
| 22 | | summary judgment, an expert must back up |
| 23 | | his opinion with specific facts."). |
| 24 | | |
| 25 | 36. | Counsel for the State has asked Professor | The underlying evidence of this opinion is |
| 26 | | Mann to give an opinion on what he thinks | not significantly probative on the critical |
| 27 | | would happen to suicide rates assuming that | issue in the case: Whether Section 26820 |
| 28 | | invalidation of California Penal Code | directly and materially limits impulse buys |

section 26820 would result in an increase in handgun purchases by people with impulsive personality traits. Assuming that to be true, Professor Mann has offered an opinion that then there would be an increase in handgun suicides if section 26820 were invalidated.

and in turn leads to materially less handgun crime and violence. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986) ("the materiality determination rests on the substantive law, [and] it is the substantive law's identification of which facts are critical and which facts are irrelevant that governs."). Rather, this appears to be offered in support of the general notion that "less handguns means less crime and violence," which the Court has stated is not the relevant inquiry. And by failing to draw a connection between the sign ban and this opinion, Dr. Mann is engaging in the sort of "speculation and conjecture" rejected by the courts.

Furthermore, Professor Mann's opinion lacks sufficient evidentiary support to warrant summary judgment. *See Yocom v. Cole*, 904 F.2d 711 (9th Cir. 1990) ("Expert testimony is admissible on summary judgment only if the opinion is supported by facts sufficient to satisfy the requirements of Fed.R.Civ.P. 56(e). It is not enough to simply opine; the factual basis must be stated."); *United States v. Various Slot*

| | | | |
|---|---|---|---|
| 1 | | | *Machines on Guam*, 658 F.2d 697, 700 (9th |
| 2 | | | Cir. 1981) ("[I]n the context of a motion for |
| 3 | | | summary judgment, an expert must back up |
| 4 | | | his opinion with specific facts."). |
| 5 | | | |
| 6 | 37. | Professor Mann bases this opinion on the | The underlying evidence of this opinion is |
| 7 | | relationship between firearm availability | not significantly probative on the critical |
| 8 | | and firearm suicide and impulsive people's | issue in the case: Whether Section 26820 |
| 9 | | increased risk for suicide. | directly and materially limits impulse buys |
| 10 | | | and in turn leads to materially less handgun |
| 11 | | | crime and violence. *See Anderson v.* |
| 12 | | | *Liberty Lobby, Inc.*, 477 U.S. 242, 248 |
| 13 | | | (1986) ("the materiality determination rests |
| 14 | | | on the substantive law, [and] it is the |
| 15 | | | substantive law's identification of which |
| 16 | | | facts are critical and which facts are |
| 17 | | | irrelevant that governs.").  Rather, this |
| 18 | | | appears to be offered in support of the |
| 19 | | | general notion that "less handguns means |
| 20 | | | less crime and violence," which the Court |
| 21 | | | has stated is not the relevant inquiry. |
| 22 | | | And by failing to draw a connection |
| 23 | | | between the sign ban and this opinion, |
| 24 | | | Dr. Mann is engaging in the sort of |
| 25 | | | "speculation and conjecture" rejected by the |
| 26 | | | courts. |
| 27 | | | |
| 28 | | | Furthermore, Professor Mann's opinion |

| | | | lacks sufficient evidentiary support to warrant summary judgment. *See Yocom v. Cole*, 904 F.2d 711 (9th Cir. 1990) ("Expert testimony is admissible on summary judgment only if the opinion is supported by facts sufficient to satisfy the requirements of Fed.R.Civ.P. 56(e). It is not enough to simply opine; the factual basis must be stated."); *United States v. Various Slot Machines on Guam*, 658 F.2d 697, 700 (9th Cir. 1981) ("[I]n the context of a motion for summary judgment, an expert must back up his opinion with specific facts."). |

Dated:  February 2, 2017

BENBROOK LAW GROUP, PC

By s/Stephen M. Duvernay
STEPHEN M. DUVERNAY
Attorneys for Plaintiffs