

| | |
|---|---|
| **XAVIER BECERRA** <br> *Attorney General* | **State of California** <br> **DEPARTMENT OF JUSTICE** |

2550 MARIPOSA MALL, ROOM 5090
FRESNO, CA  93721

Public:  (559) 477-1691
Telephone:  (559) 477-1688
Facsimile:  (559) 445-5106
E-Mail:  Nelson.Richards@doj.ca.gov

June 15, 2017

**VIA ECF**

Marianne Matherly
Clerk of Court
United States District Court for the
Eastern District of California
501 I Street, Suite 4-200
Sacramento, California 95814

RE:   Tracy Rifle & Pistol LLC, et al. v. Becerra, et al.
         United States District Court, E.D. Cal., Case No. 2:14-cv-02626-TLN-DB

Dear Ms. Matherly:

      I am writing to notify the Court and the parties of new authority governing the pending cross-motions for summary judgment, ECF Nos. 51, 52:  *Retail Digital Network, LLC, v. Prieto*, No. 13-56069, 2017 WL 2562047 (9th Cir. June 14, 2017) (en banc), *aff'g Retail Digital Network, LLC, v. Appelsmith*, 945 F. Supp. 2d 1119 (C.D. Cal. 2013).  A copy of the opinion is attached to this letter as Exhibit A.

      In *Retail Digital Network*, a company that sold in-store digital advertisements challenged a California law prohibiting alcohol manufacturers from paying for such advertisements.  The trial court, applying intermediate scrutiny, upheld the law as a valid restriction on commercial speech under *Central Hudson Gas & Electric Corp. v. Public Service Commission*, 477 U.S. 557 (1980).  945 F. Supp. 2d at 1123-26.  A three-judge panel of the Ninth Circuit reversed, holding that the Supreme Court's decision in *Sorrell v. IMS Health Inc.*, 564 U.S. 552 (2011), created a new "heightened scrutiny" standard for content- and speaker-based commercial speech regulations.  *Retail Digital Network, LLC, v. Appelsmith*, 810 F.3d 638, (9th Cir. 2016) ("*Sorrell* requires heightened judicial scrutiny of content-based restrictions on non-misleading commercial speech regarding lawful products, rather than . . . intermediate scrutiny").

      After granting rehearing en banc, the court disagreed with the panel's analysis, holding that "*Sorrell* did not modify the *Central Hudson* standard."  2017 WL 2562047, at *2; *see also id.* at *6 ("*Sorrell* did not mark a fundamental departure from *Central Hudson*'s four-factor test").  In so holding, the court confirmed that, consistent with the First Amendment, "commercial speech may be subject to greater regulation than non-commercial speech," and that intermediate scrutiny is the appropriate standard of review.  *Id.* at *9.

June 15, 2017
Page 2


      Here, the opinion of the en banc court forecloses Plaintiffs' argument that *Sorrell* imposes a form of "heightened scrutiny" more demanding than the *Central Hudson* test. *See, e.g.,* Pls.' Mem. of P. & A in Support of Mot. for Summ. J., ECF No. 51-1, at 5-6.


      Sincerely,

      /s/ Nelson Richards
      NELSON R. RICHARDS
      Deputy Attorney General

For    XAVIER BECERRA
      Attorney General

NRR:

SA2014119177
95230248.doc