# B E N B R O O K   L A W   G R O U P

P r o f e s s i o n a l   C o r p o r a t i o n

4 0 0   C A P I T O L   M A L L ,   S U I T E   1 6 1 0
S A C R A M E N T O ,   C A L I F O R N I A   9 5 8 1 4

w w w . b e n b r o o k l a w g r o u p . c o m

T E L E P H O N E :   ( 9 1 6 )   4 4 7 - 4 9 0 0
F A C S I M I L E :   ( 9 1 6 )   4 4 7 - 4 9 0 4

BRADLEY A. BENBROOK                                    brad@benbrooklawgroup.com

June 16, 2017

**Via ECF**
Marianne Matherly
Clerk of the Court
United States District Court for the
Eastern District of California
501 I Street, Suite 4-200
Sacramento, CA 95814

      Re: *Tracy Rifle & Pistol LLC, et al v. Becerra, et al.*
         United States District Court, E.D. Cal., Case No. 2:14-cv-02626-TLN-DB

Dear Ms. Matherly:

      The State notified the Court yesterday about the Ninth Circuit's decision in *Retail Digital Network v. Prieto*, No. 13-56069 (9th Cir. Jun 15, 2017) (en banc).  The State's letter asserts that *Retail Digital* affects the parties' pending cross-motions for summary judgment by concluding (1) that the Supreme Court's decision in *Sorrell v. IMS Health Inc.*, 564 U.S. 552 (2011), "did not mark a fundamental departure from" the Court's commercial speech jurisprudence, and (2) that the four-part test established by *Central Hudson Gas & Elec. Corp. v. Pub. Serv. Comm'n of New York*, 447 U.S. 557 (1980), generally continues to apply when evaluating restrictions on commercial speech. Slip Op. at 16–23.  Our case, however, has been litigated on the assumption that *Central Hudson* still applies.

      What is missing from the State's summary of *Retail Digital* is the portion of the opinion that does affect the result here:  The en banc court's expressly disapproving its prior decision in *Actmedia v. Stroh*, 830 F.2d 957 (9th Cir. 1986), to the extent that *Actmedia* relied on "California's interest in promoting temperance" to justify an advertising restriction.  Slip Op. at 23–25.  "Even assuming that promoting temperance is a substantial interest, *Actmedia* erroneously concluded that the [tied-house advertising restriction] directly and materially advances that interest by 'reducing the quantity of advertising that is seen in retail establishments selling alcoholic beverages.'" *Id*. at 24-25 (quoting *Actmedia*, 830 F.2d at 967).  By "appl[ying] solely to advertising in retail establishments, which comprises a small portion of the alcohol advertising visible to consumers," the ban does not satisfy *Central Hudson*'s third prong requiring that the regulation "directly advance" the asserted interest. *Id*. at 25.

June 16, 2017
Page 2


     Attempting to promote "temperance" by "reducing the quantity of advertising that is seen in retail establishments selling alcoholic beverages," *id.* at 25, is no different than the core rationale the State has asserted in support of the advertising restriction here:  Retail onsite handgun advertising should be banned to reduce "impulsive purchases" of handguns.  The Ninth Circuit has now shut the door on this sort of reasoning, declaring that such "indirect advancement fails to satisfy *Central Hudson*'s third factor."  Slip Op. at 25; *see also id.* ("'There surely are practical and *nonspeech*-related forms of regulation . . . that could more directly and effectively alleviate some of the social costs of casino gambling.'" (quoting *Greater New Orleans Broad. Ass'n v. United States*, 527 U.S. 173, 192 (1999))) (emphasis added)).

     Thus, the en banc decision in *Actmedia* does affect the result here, but not for the reason set out in the State's letter.


Sincerely,

*/s/ Bradley A. Benbrook*
Bradley A. Benbrook