# BENBROOK LAW GROUP

Professional Corporation
400 CAPITOL MALL, SUITE 1610
SACRAMENTO, CALIFORNIA 95814

www.benbrooklawgroup.com

TELEPHONE:   (916) 447-4900
FACSIMILE:   (916) 447-4904

BRADLEY A. BENBROOK                                                                                                brad@benbrooklawgroup.com

January 12, 2018

**Via ECF**
Marianne Matherly
Clerk of the Court
United States District Court for the
Eastern District of California
501 I Street, Suite 4-200
Sacramento, CA 95814

Re:   *Tracy Rifle & Pistol LLC, et al v. Becerra, et al.*
      United States District Court, E.D. Cal., Case No. 2:14-cv-02626-TLN-DB

Dear Ms. Matherly:

I am writing to notify the Court and the parties of new authority relating to the pending cross-motions for summary judgment. On January 3, 2018, the Ninth Circuit issued its opinion in *Italian Colors Restaurant v. Becerra*, No. 15-15873. A copy of the opinion is attached as Exhibit A.

In *Italian Colors*, the court held that California's ban on disclosure by retailers of credit-card surcharge fees violates the First Amendment. The court's application of *Central Hudson Gas & Elec. Corp. v. Pub. Serv. Comm'n of New York*, 447 U.S. 557 (1980), bears on several points briefed by the parties.

First, the court emphasized that the State "pointed to no evidence that surcharges posed economic dangers that were in fact real before the enactment of [the ban], or that [the ban] actually alleviates these harms to a material degree." Slip Op. at 23 (citing *Edenfield v. Fane*, 507 U.S. 761, 771–72 (1993)). In other words, the State needs to produce evidence to satisfy *Central Hudson*'s second and third steps. Here, by contrast, the State has argued in favor of a lower "substantial evidence" test (taken from challenges to zoning regulation that impact commercial speech rather than challenges to direct regulation of commercial speech) that defers to the Legislature's "predictive judgment." *See*, *e.g*., State's MSJ Br., ECF No. 52, at 9–10.

The *Italian Colors* court also concluded that the statute did not "directly advance" the State's asserted interest because "the statute's broad swath of exemptions would undermine any ameliorative effect." Slip op. at 23–24. This supports Plaintiffs' argument that Government Code section 26820's "striking underinclusiveness" shows that the statute does not directly and materially advance California's asserted interest. *See* Pls.' Opp. Br., ECF 55, at 6–7; Pls.' Reply Br., ECF 57, at 5–6. Given that the exemption in *Italian Colors* for PUC-approved utility

charges, and for state and local government charges, renders the statute ineffective, so does the statute's exclusion of signs promoting more-lethal rifles and shotguns, or for that matter of signs promoting "guns" generally.

Finally, the Ninth Circuit found that California's surcharge statute was "more extensive than necessary" because of the "numerous and obvious less-burdensome alternatives to the restriction on commercial speech." Slip op. at 25–26. Specifically, the state had available other means of achieving its asserted interest in preventing consumer deception, including passing additional laws that did not restrict speech, or by "enforc[ing] its existing laws banning unfair business practices and misleading advertising in pricing." *Id.* at 25. So too here: California could pass additional direct regulations on the purchase and sale of handguns; enforce its existing laws; pass legislation directed at reducing suicide; or engage in an education campaign aimed at promoting responsible handgun use, combatting mental illness, and preventing suicide. *See* Pls.' MSJ Br., ECF 51-1, at 18–19; Pls.' Opp. Br., ECF 55, at 19; Pls.' Reply Br., ECF 57, at 7–8.

Sincerely,

*/s/ Bradley A. Benbrook*
Bradley A. Benbrook