

| | |
|---|---|
| **XAVIER BECERRA**<br>*Attorney General* | **State of California**<br>**DEPARTMENT OF JUSTICE** |

2550 MARIPOSA MALL, ROOM 5090
FRESNO, CA  93721

Public:  (559) 477-1691
Telephone:  (559) 477-1688
Facsimile:  (559) 445-5106
E-Mail:  Nelson.Richards@doj.ca.gov

February 1, 2018

**<u>VIA ECF</u>**

Marianne Matherly
Clerk of Court
United States District Court for the
Eastern District of California
501 I Street, Suite 4-200
Sacramento, California 95814

RE:  <u>Tracy Rifle & Pistol LLC, et al. v. Becerra, et al.</u>
<u>United States District Court, E.D. Cal., Case No. 2:14-cv-02626-TLN-DB</u>

Dear Ms. Matherly:

This letter responds to Plaintiffs' letter of January 12, 2018, ECF No. 64, discussing the Ninth Circuit's recent decision in *Italian Colors Restaurant v. Becerra*, 878 F.3d 1165 (9th Cir. 2018).  While it is a commercial speech case, *Italian Colors* does not assist Plaintiffs or govern in this case.  The three arguments in Plaintiffs' letter restate without improving upon the arguments made in their briefing on the cross motions for summary judgment.

First, Plaintiffs mistakenly argue that *Italian Colors* undermines the State's argument that the substantial evidence standard governs in intermediate scrutiny cases.  *Italian Colors* did not address the State's evidentiary burden because in that case the State presented no evidence.  *See id.* at 1177 ("[T]he Attorney General has pointed to no evidence . . . .").  It thus does nothing to undermine ample case law holding that the substantial evidence standard governs here.  *See* Def.'s Mot. for Summ. J., ECF No. 52 at 9-10 [discussing cases]; Def.'s Reply in Supp. of Mot. for Summ. J., ECF No. 58 at 1-4 [same].  Plaintiffs' argument remains incompatible with the commercial speech standard, under which common sense alone continues to be sufficient to justify reasonable regulation.  *See, e.g.*, *Erotic Service Provider Legal Education & Research Project v. Gascon*, No. 16-15927, 2018 WL 445461 (9th Cir. Jan. 17, 2018) (relying on "common sense" to satisfy the third prong of the *Central Hudson* test, and citing *Coyote Publ'g, Inc. v. Miller*, 598 F.3d 592, 600 (9th Cir. 2010)).

Plaintiffs' other two arguments fail because *Italian Colors* differs significantly from this case.  The court found that the number of exemptions suggested that the consumer protection justifications for the law were "thin."  878 F.3d at 1178.  In contrast here, Penal Code section 26820 has no exemptions.  It applies to all firearms dealers.  *See, e.g.*, Def.'s Reply in Supp. of Mot. for Summ. J., ECF No. 58 at 4 (distinguishing *Greater New Orleans Broad. Ass'n, Inc. v.*

*United States* 527 U.S. 173 (1999) in response to essentially the same argument made by Plaintiffs).

*Italian Colors* also differs from this case because it considered a consumer protection regulation, not a public health and safety regulation.  The Ninth Circuit's holding that the State had "other, more narrowly tailored, means of preventing consumer deception," 878 F.3d at 1178, does not apply here.  As the State has pointed out, "addressing the dangers to public safety associated with impulse purchases of handguns is a more complex endeavor . . . .  Handgun suicide persists in California notwithstanding laws that Tracy Rifle cites, and it offers no evidence to support its suggestion that an education campaign could solve the problem of people with impulsive personality traits buying handguns and brining them into their homes."  Def.'s Opp'n to Pls.' Mot. for Summ. J., ECF No. 56 at p. 7.

        Sincerely,

        /s/ Nelson Richards

        NELSON R. RICHARDS
        Deputy Attorney General

  For  XAVIER BECERRA
        Attorney General

NRR: